UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Proceeds of Jackson National          Case No:   6:15-cv-261-Orl-31TBS
Life Insurance Company Policy #'s
'35;s 04124519 and 04148540
_____

## ORDER

Plaintiff Jackson National Life Insurance Company filed this interpleader action to determine the interests of Yvonne Bechard as personal representative of the Estate of Richard Denisco (the "Estate"), and Cathy Cook in the proceeds of two life insurance policies (Doc. 1).   Denisco purchased the policies while he was married to Cook and she was the original named beneficiary on both policies (Doc. 38, ¶¶ 5, 8).   In 1997, Denisco and Cook entered into a marital settlement agreement ("MSA"), and their marriage was dissolved (Doc. 19, ¶ 9).   Denisco continued to pay premiums on the policies until he died in 2014 (Doc. 38 at 6, ¶ 6).

Bechard has cross-claimed against Cook, alleging that by virtue of the MSA and FLA. STAT. § 732.703,[1] the proceeds of the insurance policies are property of the Estate (Doc. 37).   Cook has answered and cross-claimed for declaratory relief (Doc. 38), alleging that she "is in doubt as to her rights under the insurance policies, MSA, and FLA. STAT. § 732.703, and is in need of an immediate determination of her rights."   (Id., at 9, ¶

---

[1] The statute provides, *inter alia*, that: "A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order. The decedent's interest in the asset shall pass as if the decedent's former spouse predeceased the decedent."   FLA. STAT. § 732.703(h)(2).

20).   Jackson National deposited the proceeds of the policies into the registry of the Court and was dismissed from the case (Docs. 26, 31).

On September 18, 2015, Bechard filed an offer of judgment, offering to allow Cook to take judgment in the amount of $5,000 to be paid from the proceeds of the insurance policies, with the balance of the funds going to Bechard as personal representative of the Estate (Doc. 41).   The case comes before the Court on Cook's motion to strike Bechard's offer of judgment, to amend Cook's cross-claim by interlineation, and for an extension of time to respond to the offer of judgment (Doc. 41).   Bechard opposes the motion (Doc. 42).

Florida law permits the making of an offer of judgment "[i]n any civil action for damages filed in the courts of this state."   FLA. STAT. § 768.79.   "Courts have routinely held that the phrase in section 768.79(1) which states 'in any civil action for damages' is applicable to a claim in a civil action in which a party seeks only damages, i.e., monetary relief."   Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 373 (Fla. 2013). When "an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, then the fact that it *also* seeks damages does not bring it within the offer of judgment statute."   Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass'n, Inc., 22 So.3d 140, 144 (Fla. 4th DCA 2009) (emphasis in original); Winter Park Imports, Inc. v. JM Family Enters., 66 So.3d 336, 340 (Fla. 5th DCA 2011).

However, courts have permitted the use of an offer of judgment in cases where money damages are the point of an equitable action.   Stewart v. Tasnet, Inc., 718 So.2d 820, 822 (Fla. 2nd DCA 1998) (offer of judgment applies to subrogation claims); Burtman v. Porchester Holdings, Inc., 680 So.2d 631 (Fla. 4th DCA 1996) (counterclaim for fraudulent transfer did not preclude offer of judgment where parties were competing for

interpleaded funds); <u>V.I.P. Real Estate Corp. v. Fla. Exec. Realty Mgmt. Corp.</u>, 650 So.2d

199 (Fla. 4th DCA 1995) (approving use of demand for judgment in interpleader action);

<u>Coast to Coast Real Estate, Inc. v. Waterfront Properties, Inc.</u>, 668 So.2d 686 (Fla. 4th

DCA 1996) (offer of judgment allowed in declaratory judgment action to determine

entitlement to real estate commission); <u>Press v. Jordan</u>, 670 So.2d 1016 (Fla. 3rd DCA

1996) (offer valid where court asked to determine whether parties had entered into a

contract, and to whom deposit should be paid).   The common theme in these cases is

that despite the equitable nature of the action, the purpose was to obtain monetary relief.

Cook argues that this line of cases does not apply because she is seeking a true

declaratory judgment separate from the parties' dispute over the interpleaded funds.

Specifically, Bechard is asking the Court to apply § 732.703, which became effective

October 1, 2013, retroactively to defeat Cook's claim to the proceeds of the insurance

policies.   Cook maintains that the statute cannot be applied retroactively without violating

the ex post facto clauses in the Constitution and the Florida Constitution (Doc. 41 at 2).

She goes further and contends that Bechard should not be permitted to use an offer of

judgment as a hammer against her when she is seeking to determine whether § 732.703

is constitutional as applied to her and other Floridians (<u>Id.</u>, at 4).

Whether § 732.703 can be applied retroactively to defeat Cook's claim is one of

many issues raised by the parties in their pleadings.   This does not change the fact that

the ultimate goal of Cook's cross-claim is to acquire the interpleaded funds.   Cook may

have styled her cross-claim as a declaratory judgment action, but when all is said and

done, the goal of her cross-claim will have been accomplished if the money is paid to her.

Accordingly, the Court finds that the Florida offer of judgment statute applies in this case.

Cook has asked the Court to extend the time for her to respond to the offer of judgment until after it rules on her motion to strike.   The statute provides for 30 days after service to accept an offer of judgment.   FLA. STAT. § 768.79(4).   A court may extend this deadline.   Lord v. Fairway Elec. Corp., No. 6:00-cv-842-Orl-28KRS.   The Court will not extend the deadline here because Cook's motion is untimely.   The offer was served on September 18, 2015, and Cook filed her motion for extension of time 34 days later, on October 22, 2015 (Doc. 41 at 16).   Assuming the Court has the authority to extend the time to respond to an already expired offer for judgment, Cook has not shown why it should do so in this case.   Her argument is predicated on the incorrect assumption that her motion was timely.

Cook has requested leave to amend her cross-claim by interlineation to make clear that she is seeking a declaration regarding the constitutionality of § 732.703, as applied to her and other similarly situated persons.   She believes this can be accomplished by the addition of a single sentence to her cross-claim.   The proposed amendment is not necessary.   Cook's affirmative defenses already make the constitutionality of § 732.703, as applied to Cook, an issue in the case.   And, amending Cook's cross-claim now, even if the amendment was deemed to relate back to a time before the offer of judgment was made, would not change the Court's opinion that Bechard can make Cook an offer of judgment in this case.   Cook is concerned about the constitutionality of the statute because it may defeat her claim to the interpleaded funds.   If the Court finds that the money belongs to Cook then, as the Court has already explained, the purpose of her cross-claim will have been achieved.   Accordingly, Cook's motion is, in all respects, **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record