UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Proceeds of Jackson National
Life Insurance Company Policy #'s
04124519 and 04148540

Case No:   6:15-cv-261-Orl-31TBS

## ORDER

Plaintiff Jackson National Life Insurance Company filed this interpleader action to determine the interests of Yvonne Bechard as personal representative of the Estate of Richard Denisco (the "Estate"), and Cathy Cook in the proceeds of two life insurance policies (Doc. 1).   Denisco purchased the policies while he was married to Cook and she was the named beneficiary on both policies (Doc. 38, ¶¶ 5, 8).   In 1997, Denisco and Cook entered into a marital settlement agreement ("MSA"), and their marriage was dissolved (Doc. 19, ¶ 9).   Denisco continued to pay premiums on the policies until he died in 2014 (Doc. 38, p. 6).

Bechard has cross-claimed against Cook, alleging that by virtue of the MSA and FLA. STAT. § 732.703, the proceeds of the insurance policies are property of the Estate (Doc. 37).   Cook has answered and cross-claimed for declaratory relief, alleging that she "is in doubt as to her rights under the insurance policies, MSA, and FLA. STAT. § 732.703, and is in need of an immediate determination of her rights."   (Doc. 38, p. 9).   Jackson National deposited the proceeds of the policies into the registry of the Court and was dismissed from the case (Docs. 26, 31).

On September 18, 2015, Bechard filed an offer of judgment, offering to allow Cook to take judgment in the amount of $5,000 to be paid from the proceeds of the insurance policies, with the balance of the funds going to Bechard as personal representative of the Estate (Doc. 40).   On October 22, 2015, Cook filed a motion to strike the offer of

judgment on the basis "that the Florida offer of judgment statute, Fla. Stat. § 768.79, does not apply to cases such as this one, which involves a claim for declaratory relief." (Doc. 41, p. 1). Cook also sought leave to amend her cross-claim by interlineation and for an extension of time to respond to the offer of judgment (Id.). The Court denied Cook's motion, finding that the Florida offer of judgment statute applies in this case, it was unnecessary for Cook to amend her cross-claim, and Cook's request for an extension of time to respond to the offer of judgment was untimely (Doc. 43, pp. 3-4).

This matter is now before the Court on Claimant Cathy Cook's Motion for Reconsideration of Order Denying Motion to Strike Claimant Bechard's Offer of Judgment; Amend Counter-Crossclaim by Interlineation; and Extend Time to Respond to Offer (Doc. 44). "Cook respectfully requests that the Court: (1) reconsider its prior order; (2) strike Bechard's offer of judgment on the ground that it was not made in good faith; and (3) in the alternative, grant her an extension of time in which to respond to the offer." (Id. at p. 3). Bechard opposes the motion (Doc. 47).

District Courts have inherent authority to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. Ehlen Floor Covering, Inc. v. Lamb, No. 2:07-CV-666-FTM-29DNF, 2010 WL 2734728, at *1 (M.D. Fla. July 8, 2010). See also Marconi Wireless Tel. Co. of Am. v. United States, 320 U.S. 1 (1943). "'A motion for reconsideration should raise new issues, not merely readdress issues litigated previously.'" Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (quoting PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995)). "The motion must set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." Id. (citing Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072 (M.D. Fla. 1993); PaineWebber, 902 F. Supp. at 1521).

- 2 -

"[C]ourts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (citing Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981)).

Cook argues that the Court should "reconsider its order denying her motion to strike the offer of judgment because she discovered, after the motion to strike was filed, that Bechard was not aware of the Strict Compliance Doctrine in Florida, which shows that Bechard's $5,000 offer of judgment was not made in good faith."  (Doc. 44, p. 6). Cook also argues that "the Court should strike the offer of judgment on the ground that it was not made in good faith" "because Bechard's nominal offer of judgment does not bear any reasonable relationship to the damages at issue or any realistic assessment of liability."  (Id. at p. 9).

Cook failed to raise in her original motion that the offer of judgment was made in bad faith, that the offer was of a nominal amount, and that the offer did not bear any reasonable relationship to the damages at issue.  Cook now argues that reconsideration is necessary because she did not discover until after filing her original motion that "Bechard was not aware of the Strict Compliance Doctrine in Florida" and that this "shows that Bechard's $5,000 offer of judgment was not made in good faith."  (Doc. 44, p. 6). According to Cook, the strict compliance doctrine renders "irrelevant" a change of beneficiary form that purportedly revoked Cook's beneficiary designation in favor of the Estate.  Cook's argument in this regard is not well taken; it is entirely unclear how Bechard's lack of knowledge regarding a doctrine that, according to Cook, would be a detriment to Bechard's case would show that Bechard's offer of judgment was not made in good faith.  In any event, Cook has failed to offer any evidence, or even an

- 3 -

explanation, on how the strict compliance doctrine would be applied in this case. Cook's conclusory statements that the doctrine applies and that she only newly discovered that Bechard was unaware of the doctrine is not sufficient to justify reconsideration of the prior order, especially when the issue of bad faith was not previously raised. Accordingly, Cook's motion to reconsider the Court's order denying the motion to strike is **DENIED**.

Cook also seeks reconsideration of the order denying an extension of time to respond to the offer of judgment. The Court denied Cook's motion for an extension of time on the basis that the motion was untimely (Doc. 43, p. 4). The statute provides for 30 days after service to accept an offer of judgment. FLA. STAT. § 768.79(4). Bechard's offer was served on September 18, 2015. Thirty days after service of the offer was October 18, 2015, which was a Sunday. Under Rule 6(a), Cook would have had until October 19, 2015 to respond to the offer. FED. R. CIV. P. 6(a)(1)(C). Rule 6(d) provides for an additional three days "after the period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d). Cook therefore had until October 22, 2015 to respond to the offer. Accordingly, Cook's motion for an extension was timely filed on October 22, 2015. I also note that Cook has shown good cause for an extension. Cook's motion to reconsider is therefore **GRANTED in part**. Cook has seven (7) days from the rendition of this order to respond to Bechard's offer of judgment.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2015.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 4 -